UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WANDA MOORE,

CASE NO.: 3:17-cv-692-J-34PDB

Plaintiff,

v.

JAX NEW CHINA LIN, LLC
d/b/a NEW CHINA RESTAURANT

INJUNCTIVE RELIEF SOUGHT

Defendant.
_____/

## COMPLAINT

Plaintiff, WANDA MOORE ("Plaintiff"), by and through her undersigned counsel, hereby sue the Defendant, JAX NEW CHINA LIN, LLC d/b/a NEW CHINA RESTAURANT ("Defendant"), a Florida corporation for declaratory and injunctive relief, pursuant to Title III, 42 U.S.C. § 12181-12189 of the Americans with Disabilities Act ("ADA"), and 28 C.F.R. Part 36 and alleges:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been vested with original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202 as well as the 2010 ADA Standards.

2. The remedies provided by Florida Statute § 760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

1

3. Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because, (1) the Defendant is located in this district, and (2) Defendant conduct's business within this judicial district, and or (3) all of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this district.

## PARTIES

### PLAINTIFF

4. Plaintiff, Wanda Moore, is a resident of Duval County, Florida. The Plaintiff is a double amputee without legs from the knee down which has substantially limited her major life activities since August 25, 2010. The Plaintiff has limitations in regards to basic activities of daily living such as but not limited to: walking, standing, driving, making meals and house cleaning. Ms. Moore is confined to a motorized wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 U.S.C. §12012(1)(A) and in 42 U.S.C. § 3602(h).

5. At the time of the Plaintiff's visit to the premises (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required accessible means of entry at the subject facility. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises even though Plaintiff was a "bona fide" patron.

6. Plaintiff has suffered irreparable harm, humiliation, degradation and discrimination in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of her disability.

7. Plaintiff patronized New China Restaurant on or about April 15, 2017. Plaintiff was joined by her son that afternoon. Plaintiff encountered several structural barriers on Defendant's

2

Premises that substantially hindered her ability to utilize the premise in an equal capacity as other non-disabled individuals. Among other barriers, the Defendant failed to provide accessible parking and restroom facilities. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the Defendant's Premises.

8. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

9. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discriminatory conditions and to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

**DEFENDANT**

11. Defendant, Jax New China Lin, LLC d/b/a New China Restaurant is a Florida corporation and is authorized to conduct, and is conducting business within the state of Florida.

12. Defendant is the owner of the commercial space of real property located at 5110 Normandy Boulevard, Jacksonville, FL 32205.

13. Therein, the Defendant operates a restaurant known as New China Restaurant (which is also referenced as "Premise," or "subject facility").

14. The subject facility is a restaurant which is open to the general public, and therefore is a place of public accommodations pursuant to 42 U.S.C. § 12181 et seq. and 28 C.F.R. 36.302 et seq.

15. As the owner or operator of the subject facility, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. § 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. § 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

16. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. § 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

17. Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1-16 herein above.

18. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 et seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; *see also* 28 C.F.R. § 36.508(a).

19. Congress found, among other things, that:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. Discrimination against disabled individuals persists in such critical areas including employment, housing, public accommodations, transportation, communication, recreation, health services, voting and access to public services and public facilities;

   d. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1-3),(5) and (9).

20. Congress explicitly stated that the purpose of the ADA was to:

   a. Provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

   b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premise is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

22. Defendant has discriminated, and continues to discriminate against Plaintiff and others who are similarly situated by denying access to and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. Seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

24. Plaintiff will return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R § 36 and its successor the 2010 ADA Accessibility Guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.[1]

26. Subsequent to the Plaintiff's visit to the establishment an inspection was made confirming the ADA violations at the subject property. Findings based on the inspection of the subject property demonstrate, Defendant is in violation of 42 U.S.C. § 12182 et seq. and the 2010 American Disabilities Act Standards et seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found whose resolution is readily achievable, but are not limited to:

   a. The Premises fails to provide signage in front of the designated space to include the international symbol and the words "van accessible" as required by Section 502.6

---

[1] Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. See 28 C.F.R. § 36 and § 85.

of the new ADAAG. It is required that signage be mounted from the finished ground surface to the bottom of the sign at 60 inches minimum. The subject property has no "van accessible" sign.

b. The subject property fails to provide a ramp that is stable, firm and slip resistant in violation of Section 405.4 of the new ADAAG. Installation of powder-coated safety yellow (color contrast) detectable warning system to ground surfaces of ramp runs subject to wet conditions is required. Truncated domes in a detectable warning surface is required to have a base diameter of 0.9 inch (23 mm) minimum and 1.4 inches (36 mm) maximum, a top diameter of 50 percent of the base diameter minimum to 65 percent of the base diameter maximum, and a height of 0.2 inch (95.1 mm) per Section 705.1.1 of the new ADAAG. Detectable warning surfaces are required to contrast visually with adjacent walking surfaces either light-on-dark or dark-on-light, per Section 705.1.3 of the new ADAAG. The subject property offers a ramp available to the public; which is insufficient and lacking of any firm or slip resistant tread as required by law.

c. The interior of the subject property fails to provide proper exit signage violating Section 216.4.1 of the new ADAAG. The law requires prominently displayed exit signs to doors at exit passageways with tactile signs as required by Sections 216.4.1, 703.1, 703.2 and 703.5 of the new ADAAG. Tactile signs are required to be located alongside the door latch side. Tactile signs at double doors with one active leaf are required to be located on the inactive leaf in accordance with Section 703.4.2 of the new ADAAG. The subject property does not have the correct tactile sign mounted alongside the door latch side.

d. The subject property fails to provide an adequate toilet as required by Section 604.2 of the new ADAAG. It is required that the centerline of the toilet is to be mounted 16 inches minimum and 18 inches maximum from the side wall. The subject property's toilet centerline measures 23.5 inches.

e. The subject property fails to provide an adequate toilet as required by Section 604.4 of the new ADAAG. It is required that the height of the toilet is between 16 inches and 19 inches measured from the finished floor. The subject property's toilet measures 19.5 inches from the finished floor.

f. The subject property fails to provide an accessible restroom as required by Sections 304.3.1 and 304.3.2 of the new ADAAG. It is required that circular maneuvering clearance and turning space for a wheelchair user shall be a space of 60 inches (1525 mm) diameter minimum. Alternatively, a T-shaped turning space must measure 60 inches (1525 mm) square minimum with arms and base 36 inches (915 mm) wide minimum. Each arm of the T shall be clear of obstructions 12 inches (305 mm) minimum in each direction and the base shall be clear of obstructions 24 inches (610 mm) minimum. The subject property is deficient in both circular and T-shaped maneuvering clearance space.

g. The subject property fails to provide restroom sinks in compliance with the requirements of the new ADAAG Section 606.5. The law requires water supply and drain pipes under sinks to be insulated. The subject property's restroom sinks have non-insulated water supply and drain pipes.

h. The subject property fails to meet the requirements of a rear wall grab bar in violation of Sections 604.5.2 and 609.3 of the new ADAAG. It is required that the rear wall grab bar be a minimum of 36 inches long and extend from the centerline

of the water closet 12 inches minimum on one side and extend 24 inches minimum on the other side. The space between the wall and the grab bar shall be 1 ½ inches (38 mm). The space between the grab bar and projecting objects below and at the ends shall be 1 ½ inches (38 mm) minimum. The space between the grab bar and projecting objects above shall be 12 inches (305 mm). The subject property's rear wall safety grab bar measures 21 inches.

i. The fixed restroom toilet paper dispenser provided by the Premises fails to meet the requirements of the ADAAG Section 604.7. The toilet paper holder is required to be located no less than 7 inches and no greater than 9 inches from the centerline of the toilet to the dispenser. The Premise has a mounted fixed toilet paper dispenser located further than 9 inches from the centerline of the toilet.

j. The Premises fixed paper towel dispenser is in violation of Section 308.2 of the new ADAAG. The paper towel dispenser is required to be mounted no more than 48 inches from the finished floor. The subject property's fixed paper towel dispenser is 51 inches from the finished floor.

k. The mirror provided in the subject property's restrooms fails to meet the requirements of 603.3 of the new ADAAG. It is required that mirrors located above lavatories or countertops are to be mounted with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum from the finished floor. The mirror provided by the subject property is mounted at 49.75 inches from the finished floor.

27. The violations present at Defendant's facility, create a hazard to Plaintiffs' safety.

28. The violations present at Defendant's facility infringe Plaintiffs' rights to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing

to operate a place of public accommodation with discriminatory conditions, Defendant's contribute to the Plaintiffs' sense of isolation and segregation and deprives the Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives the plaintiff the equality of opportunity offered to the general public.

29. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter New China Restaurant to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, Plaintiff demands judgment against Defendant and respectfully requests the following injunctive and declaratory relief:

a. The Court declares that the Defendant is in violation of the ADA and order the building and the attendant business therein to be closed to the public until such time that they are deemed by this Court to be accessible;

b. As such, in case of Defendant failing to file any paper or pleading as required by law and defaults, Plaintiff seeks an Order of this Court enjoining Defendant from further or continuing operations until such time as Defendant demonstrates that it is in compliance with the requirements of the ADA in its business operations;

c. The Court enter an Order requiring Defendant to alter the building and the attendant business therein such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d. The Court enter an Order directing Defendant to evaluate and make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; to safeguard that no individual with a disability using an auxiliary aid or device is excluded, denied services, segregated or otherwise treated differently than other individuals.

e. The Court award reasonable attorney's fees, costs and litigation expenses (including, but not limited to court costs and any expert fees) pursuant to 42 U.S.C. § 12205.

f. The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF FLORIDA STATUTE § 760

31. Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1-16 herein above.

32. The Defendant has violated Florida Statute § 760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodations, without discrimination or segregation on the grounds of a handicap.

33. The violations of Florida law were deliberate and knowing.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following injunctive and declaratory relief against the Defendant:

a. The Court issue a Declaratory Judgment that the policies and procedures of the Defendant have jointly and separately violated Florida Statute § 760 in that the Defendant has failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law;

b. An Order mandating that the Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable timeframe;

c. An award of reasonable costs and attorney's fees;

d. Award any and all other relief as the Court deems necessary and appropriate.

Dated this 19th day of June, 2017

Respectfully submitted by,
Attorney for Plaintiff

By: *Robert C. Gibson*
Robert C. Gibson
contact@4lawdoc.com
Fla Bar No. 0054998
The Law Office of Robert Gibson, P.A.
9408 Arlington Expressway
Jacksonville, Fl. 32225
Tel: 904-273-3000
Fax: 877-978-9797